Filed 7/30/13  P. v. McMahon CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

|  |  |
|---|---|
| THE PEOPLE, | C070324 |
| Plaintiff and Respondent, | (Super. Ct. No. 62105882A) |
| v. | |
| DILLON JAMES MCMAHON, | |
| Defendant and Appellant. | |

A jury convicted defendant Dillon James McMahon of kidnapping during a carjacking (Pen. Code, § 209.5, subd. (a))[1], kidnapping for robbery (§ 209, subd. (b)), and carjacking (§ 215, subd. (a)).  The first two convictions were based on the same victim and the same circumstances.

The trial court sentenced defendant to life with the possibility of parole plus 23 years and 4 months.[2]

---

[1]  Subsequent section references are to the Penal Code.

[2]  The determinate sentence included an 11-year 4-month term for a separate conviction in Nevada County.

Defendant's sole argument on appeal is that he was improperly convicted of both kidnapping during a carjacking and kidnapping for robbery, because kidnapping during a carjacking should be treated as a lesser necessarily included offense. We disagree and shall affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant approached his first victim, Suzanne Hood, around noon as she was in her car preparing to leave the parking lot of her bank. He reached inside her car, told her not to move because he had a gun, turned off her ignition, took her keys, and got in the car on the front passenger's side. Hood drove where defendant directed her. When they stopped, defendant pointed a gun at Hood and ordered her out of the car. Hood got out. Defendant allowed her to keep her purse then drove off with the car.

Around 5:30 p.m. that day, defendant attempted to pawn a camera that had been in Hood's car. The next morning, Hood's car was found submerged in a lake with the key in the ignition and the headlights on. Hood's stereo had been ripped out and most of her property had been removed.

Two days later the second victim, Judith Jones, was sitting in her car when defendant and another man approached her and asked for money to make a phone call. When Jones opened her door to get her purse, defendant held a broken bottle to her neck and said he wanted the car. The two men got in her car and defendant drove off. Defendant was eventually apprehended in Jones's car with co-defendant John Adrian.

DISCUSSION

Count one, kidnapping during a carjacking, and count two, kidnapping for robbery, both stemmed from the first incident in which Hood was the victim. The trial court stayed the sentence on count two pursuant to section 654.

Defendant argues he should not have been convicted of both counts because count one was a lesser included offense of count two since the object of both crimes was the car. He is wrong.

2

" 'In general, a person may be *convicted* of, although not *punished* for, more than one crime arising out of the same act or course of conduct. "In California, a single act or course of conduct by a defendant can lead to convictions 'of *any number* of the offenses charged.' (§ 954, italics added; *People v. Ortega* [(1998)] 19 Cal.4th [686,] 692 [80 Cal.Rptr.2d 489, 968 P.2d 48].)" (*People v. Montoya* (2004) 33 Cal.4th 1031, 1034 [16 Cal.Rptr.3d 902, 94 P.3d 1098].) Section 954 generally permits multiple conviction. Section 654 is its counterpart concerning punishment. It prohibits multiple punishment for the same "act or omission." When section 954 permits multiple conviction, but section 654 prohibits multiple punishment, the trial court must stay execution of sentence on the convictions for which multiple punishment is prohibited. [Citations.]' [Citation.]" (*People v. Sloan* (2007) 42 Cal.4th 110, 116.)

A judicially created exception to the rule permitting multiple convictions prohibits multiple convictions where one is a necessarily included offense. (*People v. Sloan, supra,* 42 Cal.4th at p. 116.) A crime is a necessarily included offense of the greater offense if the greater offense cannot be committed without also necessarily committing the lesser offense. (*Ibid*.) "Two tests have traditionally been applied in determining whether an *uncharged* offense is necessarily included within a charged offense—the statutory or legal 'elements' test and the 'accusatory pleading' test. 'Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former. Under the accusatory pleading test, if the facts actually alleged in the accusatory pleading include all of the elements of the lesser offense, the latter is necessarily included in the former. [Citation.]' [Citation.]" (*Id*. at p. 117.)

Defendant's argument that he cannot be convicted of both crimes where the car is the object of the robbery is in effect an argument that we should apply the accusatory pleading test. He argues that in this case, the carjacking was the robbery, because the car was the property that he intended to take.

3

While the accusatory pleading test may be appropriate in determining whether an *uncharged* offense is necessarily included within a charged offense, it is settled that the accusatory pleading test does not apply in deciding whether multiple convictions of *charged* offenses are proper. (*People v. Sloan, supra*, 42 Cal.4th at pp. 117-118.)

The statutory elements of kidnapping for robbery, which defendant claims is the greater offense, are: (1) intent to commit robbery; (2) taking, holding, or detaining a person by force or fear; (3) moving the person a substantial distance that is; (4) beyond that merely incidental to the commission of a robbery; and (5) lack of consent. (§ 209 subd. (b); CALCRIM No. 1203.) The statutory elements of kidnapping during a carjacking are: (1) commission of a carjacking; (2) during which another person was taken, held, or detained by force or fear; (3) moving the person a substantial distance from the vicinity of the carjacking; (4) the asportation was to facilitate the carjacking or prevent raising an alarm; (5) the other person was not one of the carjackers; and (6) lack of consent. (§ 209.5; CALCRIM No. 1204.)

Kidnapping for robbery does not contain all the elements of the offense of kidnapping during a carjacking because it lacks the element of a carjacking. Thus, kidnapping during a carjacking is not a necessarily included offense of kidnapping for robbery.

DISPOSITION

The judgment is affirmed.


     BLEASE     , Acting P. J.

We concur:


     HULL     , J.


     MAURO     , J.

4