Filed 8/8/13  P. v. Kidd CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARK DEWAINE KIDD,<br><br>Defendant and Appellant. | C068136<br><br>(Super. Ct. No. 10F05646) |

A jury convicted defendant Mark Dewaine Kidd of assault with a deadly weapon and found true an enhancement allegation that defendant personally inflicted great bodily injury on the victim.  The trial court also found additional enhancement allegations true and sentenced defendant to an aggregate term of 12 years in state prison.

Defendant now contends the trial court erred in failing to adequately instruct the jury on the definition of great bodily injury.  He argues the error requires reversal of his conviction on the great bodily injury enhancement.

1

We conclude the trial court did not commit instructional error. We will affirm the judgment.

BACKGROUND

While at an AM/PM store, defendant got into an argument with Esteban Gonzalez and Gonzalez's friends. Defendant punched Gonzalez twice. Gonzalez and his friends kicked and punched defendant while he was on the ground. At some point, defendant stabbed Gonzalez in the back, inflicting a wound that was three-quarters of an inch long and one-quarter inch wide. Gonzalez was taken to the hospital, where the wound was closed with two staples. At that time Gonzalez rated his pain level as "above a ten" on a scale from one to ten. By the time of trial it was "about a seven."

Among other things, the People charged defendant with assault with a deadly weapon (a knife) (Pen. Code, § 245, subd. (a)(1)[1] -- count one), further alleging that defendant personally inflicted great bodily injury in the commission of that offense (§ 12022.7, subd. (a)), and also charged him with battery resulting in the infliction of serious bodily injury (§ 243, subd. (d) -- count two).

Video and audio recordings of the incident were played for the jury, but key moments, including the moment of the stabbing, were not picked up or could not be clearly discerned. The People took the position that defendant stabbed Gonzalez after Gonzalez and his friends had stopped their assault on defendant, and while Gonzalez was going back into the store. But the defense position was that defendant stabbed Gonzalez in self-defense while Gonzalez and his friends kicked and punched defendant on the ground, and that Gonzalez did not realize he had been stabbed until later.

While discussing jury instructions, the trial court indicated that it would give, among other things, CALCRIM No. 875 [assault with deadly weapon or force likely to

_____

[1] Undesignated statutory references are to the Penal Code.

2

produce great bodily injury], CALCRIM No. 3160 [great bodily injury], and CALCRIM No. 925 [battery causing serious bodily injury]. Regarding the alternative language available under CALCRIM 875, the trial court said it would include the definition of great bodily injury. Defense counsel had no objection to the inclusion of the great bodily injury definition in CALCRIM No. 875 and did not propose any clarifying instruction.

Consistent with CALCRIM No. 875, the trial court instructed the jury as follows:

"The defendant is charged in count one with assault with a deadly weapon other than a firearm in violation of Penal Code section 245 sub[division] [a] subparagraph 1. To prove that the defendant is guilty of this crime the People must prove that, one, the defendant did an act with a deadly weapon other than a firearm that by its nature would directly and probably result in the application of force to a person; two, the defendant did that act willfully; three, when the defendant acted, he was aware of facts that would lead a reasonable person to realize that his act by its nature would directly and probably result in the application of force to someone; four, when the defendant acted, he had the present ability to apply force with a deadly weapon other than a firearm to a person; and five, the defendant did not act in self-defense. [¶] . . . [¶]

"Great bodily injury means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm. A deadly weapon other than a firearm is any object, instrument, or weapon that is inherently deadly or dangerous or one that is used in such a way that it is capable of causing and likely to cause death or great bodily injury."

Consistent with CALCRIM No. 3160, the trial court further instructed the jury:

"If you find the defendant guilty of the crime charged in count one, you must then decide whether the People have proved the additional allegation that the defendant personally inflicted great bodily injury on [the victim] in the commission of that crime.

"Great bodily injury means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm. . . ."

And consistent with CALCRIM No. 925, the trial court instructed:

"The defendant is charged in count two with battery causing serious bodily injury in violation of Penal Code section 243 sub[division] [d]. To prove that the defendant is guilty of this crime the People must prove that, one, the defendant willfully and unlawfully touched [the victim] in a harmful or offensive manner; two, [the victim] suffered serious bodily injury as a result of the force used; and three, the defendant did not act in self-defense. [¶] . . . [¶]

". . . A serious bodily injury means a serious impairment of physical condition. Such an injury may include but is not limited to loss of consciousness, concussion, bone fracture, protracted loss or impairment of function of any bodily member or organ, a wound requiring extensive suturing and serious disfigurement."

During deliberations, the jury twice requested clarification regarding great bodily injury and serious bodily injury. In the first request, the jury asked for "[b]etter instructions on [the definition of great bodily injury] [a]s related to Count one, Special Findings, True or Not True." Without objection by counsel, the trial court responded: "In response to your question, Jury Instruction No. 875 located at pages 22 and 23 of your Jury Instruction packet defines the elements of Assault With a Deadly Weapon (Penal Code section 245(a)(1)) charged in Count One. [¶] Jury Instruction No. 3160 located at page 24 of your Jury Instruction packet defines the elements of Infliction of Great Bodily Injury (Penal Code section 12022.7(a)) charged as an additional allegation to Count One. 'Great bodily injury' excludes injuries that are transitory or short-lived."

In the second request, the jury asked for "[a] clearer distinction between Great Bodily harm and serious bodily harm. [¶] Is either a greater harm or are both the same." Again without objection from counsel, the trial court responded: "Determining whether a victim has suffered harm amounting to great bodily injury or serious bodily injury are both questions of fact for the jury. [¶] 'Great bodily injury' is defined in Jury Instruction No. 3160 on page 24 of your jury instruction packet and as further clarified in the Court's

4

Response to your Request #1. [¶] 'Serious bodily injury' is defined in Jury Instruction No. 925 on page 25 of your jury instruction packet."

The jury convicted defendant on count one, assault with a deadly weapon, and found the enhancement allegation true that he personally inflicted great bodily injury on the victim. But the jury hung on count two, battery resulting in the infliction of serious bodily injury, and the trial court declared a mistrial on that count. In a bifurcated proceeding, the trial court found that defendant had a prior strike and a prior serious felony conviction. (§§ 667, subds. (a), (b)-(i), 1170.12.) The trial court sentenced defendant to an aggregate of 12 years in state prison.

## DISCUSSION

Defendant contends the trial court erred in failing to adequately instruct the jury on the definition of great bodily injury. He acknowledges that the instructions given were in accordance with CALCRIM and that he did not object to them, but he asserts his claim is not forfeited because the instructional error affected his substantial rights (§ 1259) and prejudiced him. He claims the instructions incorrectly suggested that great bodily injury and serious bodily injury are not equivalent, the jury questions indicated confusion on that point, and the trial court's responses exacerbated the jury's confusion and reinforced that great bodily injury and serious bodily injury are different. He says if the jury had known that great bodily injury and serious bodily injury are equivalent, and it could not agree unanimously on count two that he inflicted serious bodily injury, the jury also could not have agreed unanimously that the wound constituted great bodily injury on count one.

We conclude that even if defendant's contention is not forfeited, he does not establish instructional error.

Although courts have indicated that serious bodily injury " 'is the essential equivalent' " of great bodily injury (see, e.g., *People v. Sloan* (2007) 42 Cal.4th 110, 117), it is nonetheless true that great bodily injury and serious bodily injury have

5

different statutory definitions. For the section 12022.7 enhancement alleged in count one, great bodily injury is defined in section 12022.7, subdivision (f) as "a significant or substantial physical injury." And for the section 243, subdivision (d) offense charged in count two, serious bodily injury is defined in section 243, subdivision (f)(4) as "a serious impairment of physical condition" and includes specific examples. The CALCRIM instructions accurately state the applicable statutory definitions of great bodily injury and serious bodily injury, and the trial court responded to the jury questions by referring the jury back to the approved CALCRIM instructions.

The trial court correctly instructed the jury on the law. To the extent defendant wanted additional clarifying instructions, it was incumbent upon him to ask the trial court for them, but he did not do so. We conclude there was no error.

DISPOSITION

The judgment is affirmed.

                                                          MAURO          , J.


We concur:


          BLEASE          , Acting P. J.


          MURRAY          , J.


6