Filed 11/13/13  P. v. Broyles
Opinion following remand from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>ROGER BROYLES,<br><br>      Defendant and Appellant. | A135206<br><br>(San Francisco County<br>Super. Ct. No. 213908) |

On the morning of January 29, 2008, a simmering disagreement between defendant Roger Broyles and Richard Koenig exploded into violence when defendant attacked Koenig and put him into a two-month coma with multiple skull and rib fractures and severe internal injuries.  As a result, defendant was charged with, and a jury convicted him of, five crimes: assault by means of force likely to cause great bodily injury and involving the personal infliction of great bodily injury resulting in coma (Pen.Code, §§ 245, subd. (a)(1), 12022.7, subds. (a), (b); subsequent statutory references are to the Penal Code); battery involving the infliction of serious bodily injury (§ 243, subd. (d)); torture (§ 206); mayhem involving the personal infliction of great bodily injury resulting in coma (§§ 203, 12022.7, subds.(a) & (b)); and felony vandalism. (§ 594, subd. (b)(1).)  The jury also found true an allegation that defendant had suffered a prior felony conviction.  (§§ 667, 1170.12.)  The trial court sentenced him to state prison for an aggregate term of life with the possibility of parole.

1

On this timely appeal, defendant presents a single contention: he could not properly be convicted on the assault and battery charges because they are lesser included offenses of torture. We reject the contention, and we affirm.

In general, our Supreme Court has developed two tests to ascertain whether a given offense is a lesser included of another: "We have applied two tests in determining whether an uncharged offense is necessarily included within a charged offense: the 'elements' test and the 'accusatory pleading' test. Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former. Under the accusatory pleading test, if the facts actually alleged in the accusatory pleading include all of the elements of lesser offense, the latter is necessarily included in the former." (*People v. Reed* (2006) 38 Cal.4th 1224, 1227-1228.)

But only the elements test is applicable here. "The accusatory pleading test arose to ensure that defendants receive notice before they can be convicted of an uncharged crime. 'As to a lesser included offense, the required notice is given when the specific language of the accusatory pleading adequately warns the defendant that the People will seek to prove the elements of the lesser offense.' [Citation.] 'Because a defendant is entitled to notice of the charges, it makes sense to look to the accusatory pleading (as well as the elements of the crimes) in deciding whether a defendant had adequate notice of an uncharged lesser offense so as to permit conviction of that uncharged offense.' [Citation.] But this purpose has no relevance to deciding whether a defendant may be convicted of multiple charged offenses. '[I]t makes no sense to look to the pleading, rather than just the legal elements, in deciding whether conviction of two charged offenses is proper. Concerns about notice are irrelevant when both offenses are separately charged . . . .' [Citation.]" (*People v. Reed, supra,* 38 Cal.4th 1224, 1229-1230.) Enhancements charged or proved are not part of this inquiry. (*People v. Sloan* (2007) 42 Cal.4th 110, 113–114.)

The crime of torture is statutorily defined as follows: "Every person who, with the intent to cause cruel or extreme pain and suffering for the purpose of revenge, extortion,

persuasion, or for any sadistic purpose, inflicts great bodily injury as defined in Section 12022.7 upon the person of another, is guilty of torture. [¶] The crime of torture does not require proof that the victim suffered pain." (§ 206.) "As so defined, torture has two elements: (1) the infliction of great bodily injury upon another; and (2) the specific intent to cause cruel or extreme pain and suffering for revenge, extortion or persuasion or any sadistic purpose." (*People v. Lewis* (2004) 120 Cal.App.4th 882, 888 (*Lewis*).)

The portion of the statutory prohibition against serious assault of which defendant was convicted punished "assault upon the person of another . . . by any means of force likely to produce great bodily injury." (Former § 245, subd. (a)(1).)

Battery is statutorily defined as "any willful and unlawful use of force or violence upon the person of another. (§ 242.) The crime of which defendant was convicted was "battery . . . committed against any person and serious bodily injury is inflicted" (§ 243, subd. (d)), serious bodily injury being defined as "serious impairment of physical condition, including, but not limited to, . . . concussion; bone fracture; protracted loss or impairment of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement." (*Id*., subd. (f)(4).) "To establish battery resulting in serious bodily injury, the People must prove: (1) a person used physical force or violence against another person; (2) the use of force or violence was willful and unlawful; and (3) the use of force or violence inflicted serious bodily injury on the other person." (*Lewis, supra,* 120 Cal.App.4th 882, 887.)

The guiding precedents are few, but do point in the same direction. Concerning the "means of force" way in which section 245, subdivision (a)(1) may be violated, the Court of Appeal for the Third District stated: "[D]efendant argues that assault by means of force likely to produce great bodily injury is a lesser included offense of torture under the elements test because '[a]ny person who inflicts great bodily injury with the intent to torture is necessarily guilty of felony assault for use of force likely to produce great bodily injury.' Not so. Torture requires actual infliction of great bodily injury, but it does not require that the injury be inflicted by *any* means of force, let alone by means of force likely to produce great bodily injury. For example, a caretaker would be guilty of

3

torturing an immobile person in his care if the caretaker, acting with the intent to cause extreme suffering for a sadistic purpose, deprived that person of food and water for an extended period of time, resulting in great bodily injury to the person. In such a circumstance, the caretaker would have inflicted great bodily injury without using any force and thus would not be guilty of committing assault by means of force likely to produce great bodily injury. Because the use of force is not a necessary element of the crime of torture, assault by means of force likely to produce great bodily injury is not a lesser included offense of torture." (*People v. Hamlin* (2009) 170 Cal.App.4th 1412, 1456.)

"The statutory definition of torture does not require a direct use of touching, physical force, or violence, but instead is satisfied if the defendant, directly or indirectly, inflicts great bodily injury on the victim. Thus, a defendant may commit torture without necessarily committing a battery . . . . Accordingly, battery is not a lesser included offense of torture under . . . the elements test . . . ." (*Lewis, supra,* 120 Cal.App.4th 882, 888.)

Having acknowledged none of these decisions in his opening brief, defendant dismisses them in his reply as employing analysis that is "superficial" and "has nothing to do with the facts of this case." But "the facts of this case" are essentially irrelevant to an elements test analysis. Granted, that analysis may generate an approach that may often seem distinctly abstract. Still, it is the governing standard for the issue defendant brings to us for decision. Applying that standard, we agree with the other courts that have considered the issues, that neither assault by means of force nor battery with serious bodily injury are a lesser included offense of the crime of torture.

The judgment of conviction is affirmed.

_____

Richman, J.

We concur:

_____

Kline, P.J.

_____

Brick, J.*

---

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.