Filed 11/19/15  P. v. Upton CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>STEVEN NICHOLAS UPTON,<br><br>     Defendant and Appellant. | A140733<br><br>(Humboldt County<br>Super. Ct. No. CR1302289) |

Following convictions on two felony counts arising from his possession of a loaded handgun, Defendant Steven Upton was sentenced to two, concurrent two-year sentences.  He now appeals, contending that execution of one of his sentences should be stayed under Penal Code section[1] 654, which prohibits multiple punishments for a single act.  The People agree.  And so do we.  Accordingly, we will stay the sentence on one of his convictions, and as so modified affirm the judgment.

## BACKGROUND

On May 12, 2013, Upton was stopped by police for driving without a front license plate.  He was handcuffed and taken into custody in connection with an unrelated criminal investigation, and in the ensuing search of his car, police discovered a loaded handgun under the driver's side seat.

Upton had a prior felony conviction, and a jury subsequently convicted him of two felony offenses:  possession of a firearm by a felon (§ 29800, subd. (a)(1)) (count 1), and possession of ammunition by a person prohibited from possessing a firearm (§ 30305,

---

[1] All further statutory references are to the Penal Code.

1

subd. (a)(1)) (count 2). The trial court sentenced Upton to an aggregate prison term of three years and eight months, which included two years for the firearm count, to be served concurrently with two years for the ammunition count. His sentence also included a one-year enhancement under section 667.5, subd. (b), not at issue here, and eight months for an unrelated no contest plea in another case.

Upton now appeals, arguing the trial court erred under section 654 by not staying his punishment for either the firearm conviction or ammunition conviction.

## DISCUSSION

## I.

### *The Trial Court Violated Section 654 by Requiring Upton to Serve Multiple Sentences for His Unlawful Possession of a Single Loaded Firearm.*

In pertinent part, section 654 states: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) As we have previously noted, this statute merely prohibits multiple punishments, not multiple convictions. (*People v. Ortega* (2000) 84 Cal.App.4th 659, 666; see also *People v. Sloan* (2007) 42 Cal.4th 110, 116.) Its purpose is to ensure that punishment is commensurate with culpability. (*People v. Perez* (1979) 23 Cal.3d 545, 550–551.) In situations where section 654 applies, "the accepted 'procedure is to sentence defendant for each count and stay execution of sentence on certain of the convictions to which section 654 is applicable.' " (*People v. Jones* (2012) 54 Cal.4th 350, 353 (*Jones*), citing *People v. Miller* (1977) 18 Cal.3d 873, 886, overruled on other grounds as recognized in *People v. Oates* (2004) 32 Cal.4th 1048, 1067, fn. 8.)

Proper application of section 654 in this case is both straightforward and uncontested.[2] The Supreme Court has held "a single possession or carrying of a single

---

[2] This issue is reviewable on appeal even though Upton did not object to his sentence under section 654 in the trial court. "Ordinarily, a section 654 claim is not waived by failing to object below." (*People v. Hester* (2000) 22 Cal.4th 290, 295; see

firearm on a single occasion may be punished only once under section 654." (*Jones*, *supra*, 54 Cal.4th at p. 357.) *Jones* is controlling, and directly on point for all practical purposes. Like Upton, the defendant in *Jones* was convicted of multiple offenses for possessing a single loaded firearm: unlawful possession of a firearm by a felon, as in this case, as well as carrying a concealed and unregistered firearm, and carrying an unregistered loaded firearm in public. (See *id.* at p. 352.) The trial court did not stay any of the sentences in *Jones*, and the Court of Appeal stayed only one which left the defendant serving two sentences for his crimes. (*Id.*) The Supreme Court reversed. (*Id.* at p. 360.) It held that section 654 prohibits multiple punishment for all three of the defendant's convictions, because it was improper to punish the defendant more than once for his single physical act of carrying the loaded gun. (*Id*. at pp. 352–360.)

Two earlier cases involving loaded guns and convictions identical to those in this case are consistent with the rule announced in *Jones*. *People v. Lopez* (2004) 119 Cal.App.4th 132 (*Lopez*), which the Supreme Court tacitly approved in *Jones* (see *Jones*, *supra*, 54 Cal.4th at pp. 357–358), held section 654 applicable to sentences for unlawful possession of a firearm by a felon and unlawful possession of ammunition, where the defendant, like Upton, had been convicted for possessing a loaded gun. (*Lopez*, at pp. 134, 137–139 (applying former §§ 12021, subd. (e), 12316, subd. (b)(1)).) *People v. Sok* (2010) 181 Cal.App.4th 88 (*Sok*), likewise found sentencing error under section 654 for concurrent, unstayed sentences on these two offenses, and in that case all of the ammunition had either been loaded into the defendant's gun or had been fired from it. (*Id.* at p. 100.)

---

also *People v. Perez*, *supra*, 23 Cal.3d at p. 550, fn. 3 ["Errors in the applicability of section 654 are corrected on appeal regardless of whether the point was raised by objection in the trial court or assigned as error on appeal"].)

Here, as in *Jones*, *Lopez* and *Sok*, Upton's multiple convictions were based on the unlawful possession of a single loaded firearm. Thus, we conclude section 654 prohibits multiple punishment for his offenses. To their credit, the People concede this.**[3]**

## II.

### *Upton's Two-Year Sentence on the Ammunition Conviction Should Be Stayed.*

Having concluded there was sentencing error under section 654, there remains the question of an appropriate remedy. As noted, "the law is settled that the sentences must be stayed to the extent that section 654 prohibits multiple punishment." (*Jones*, *supra*, 54 Cal.4th at p. 353; see *People v. Sloan*, *supra*, 42 Cal.4th at p. 116.) And the statute on its face addresses how courts must choose between them. It mandates punishment "under the provision that provides for *the longest potential term of imprisonment*, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a), italics added; see also *People v. Ortega*, *supra*, 84 Cal.App.4th at p. 667 ["The appropriate procedure is to eliminate the effect of the judgment as to the lesser offense insofar as the penalty alone is concerned . . ."], citing *People v. McFarland* (1962) 58 Cal.2d 748, 762–763.)

In *Lopez*, the Court of Appeal stayed the defendant's sentence for the ammunition count rather than the firearm count, albeit without discussion, because that was the sentence the defendant contended should be stayed of the two (see *Lopez*, *supra*, 119 Cal.App.4th at pp. 134, 139); *cf. Sok*, *supra*, 181 Cal.App.4th at p.101 [vacating sentence and remanding for resentencing].)

A stay of Upton's sentence on the ammunition count is appropriate here too; and in that respect, our choice of remedy has been greatly aided by the parties. Upton states the maximum potential sentence for both his firearm conviction and ammunition conviction is identical. And in light of that, he initially asked us in his opening brief to

---

**[3]** We commend Deputy Attorney General Masha Dabiza for conceding the sentencing issue, which is not a close question. Her professional approach to this matter has conserved resources and time for both the parties and the court, and in so doing also benefits other litigants whose appeals have yet to be decided.

remand the case and direct *the trial court* to decide which sentence to stay and to prepare an amended abstract of judgment. However, the People have suggested we stay Upton's sentence on the ammunition count, as was done in *Lopez*. In response, Upton asks *this Court* for "a stay or any other appropriate remedy", and takes no issue with either the appellate disposition in *Lopez,* nor the People's suggestion we adopt it. With the case in this posture, and in the interest of judicial efficiency, we see no reason to return this case to the trial court. As in *Lopez*, we will stay Upton's sentence for unlawful possession of ammunition and affirm the judgment as so modified. (*Lopez*, *supra*, 119 Cal.App.4th at pp. 134, 139.)

## DISPOSITION

Upton's two-year, concurrent sentence for count 2, unlawful possession of ammunition (§ 30305, subd.(a)(1)), is stayed pending finality of the judgment and service of sentence on count 1, such stay to become permanent upon completion of his sentence on count 1. The superior court is ordered to prepare a further amended abstract of judgment to show this modification and send it to the Department of Corrections. As so modified, the judgment is affirmed.

_____

STEWART, J.

We concur.

_____

RICHMAN, Acting P.J.

_____

MILLER, J.

6

*People v.Upton* (A140733)