Filed 11/26/25  P. v. Verdugomarquez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>GUADALUPE VERDUGOMARQUEZ,<br><br>    Defendant and Appellant. | G065139<br><br>(Super. Ct. No. 23WF3767)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Kevin Haskins, Judge. Reversed in part, affirmed as modified.

James M. Kehoe, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Arlene A. Sevidal, Assistant Attorney General, A. Natasha Cortina and Michael J. Patty, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

THE COURT:*

In an incident occurring in September 2023, defendant Guadalupe Verdugomarquez and an accomplice ran out of a store with more than $1,000 in merchandise. Neither individual paid for the items. Before the duo fled in a vehicle, defendant's confederate physically accosted a store employee who followed them to the parking lot.

A jury convicted defendant of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c))[1] and grand theft (§ 487, subd. (a)). The trial court suspended imposition of sentence and placed defendant on two years formal probation, which included 90 days in county jail. (§ 1203.1.) The court also imposed a series of restitution obligations, fines, and fees, including two fees specifically attached to the grand theft count: a $40 court operations fee (§ 1465.8) and a $30 criminal conviction assessment fee (Gov. Code, § 70373, subd. (a)(1)).

Defendant's sole contention on appeal is that the conviction for grand theft must be reversed because it is a necessarily lesser included offense of the robbery count. The People concede defendant is correct.

We agree. A criminal defendant cannot be convicted of both a greater and lesser included offense. (*People v. Sloan* (2007) 42 Cal.4th 110,

---

*Before Motoike, Acting P. J., Delaney, J., and Scott, J.

[1]All statutory references are to the Penal Code unless otherwise indicated.

2

116.) "Theft in any degree is a lesser included offense to robbery, since all of its elements are included in robbery. The difference is that robbery includes the added element of force or fear." (*People v. Burns* (2009) 172 Cal.App.4th 1251, 1256; see *People v. Ortega* (1998) 19 Cal.4th 686, 694-697 [grand theft is a necessarily lesser included offense of robbery].)

The grand theft conviction (§ 487, subd. a; count 2), is reversed. The trial court is ordered to strike the imposition of the $40 court operations fee and the $30 criminal conviction assessment fee attached to the grand theft conviction. In all other respects, the judgment is affirmed.