Filed 9/18/13  P. v. Aguilar CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GREGORIO AGUILAR,<br><br>    Defendant and Appellant. | 2d Crim. No. B244041<br>(Super. Ct. No. 2009007662)<br>(Ventura County) |

Gregorio Aguilar appeals from the judgment entered after a jury convicted him of first degree murder with the special circumstance finding that the murder was committed during an attempted robbery (count 1; Pen. Code, §§ 187, subd. (a); 190.2, subd. (a)(17)(A))[1], attempted second degree robbery (count 2; 664/211), second degree robbery (count 3; § 211), and attempted second degree robbery (count 4; §§ 664/211). The jury found that appellant personally and intentionally discharged a firearm causing death in counts 1 and 2 (§ 12022.53, subd. (d)), and personally used a firearm in counts 3 and  4 (§ 12022.53, subd. (b)).  Appellant was sentenced to a determinate term of 17

---

[1] All statutory references are to the Penal Code.

years state prison on counts 3 and 4, and, on count 1, to a consecutive indeterminate term of life without possibility of parole plus 25 years to life on the firearm use enhancement.[2]

Appellant contends that his sentence of life without parole for special circumstance first-degree murder, plus 25 years to life on the firearm use enhancement (§12022.53, subd. (d)) violates California's multiple conviction rule and federal double jeopardy principles. We affirm with directions to issue an amended abstract of judgment.

*Facts*

During the early morning hours of December 28, 2008, appellant entered the Circle K Market in Ventura with a masked man, demanded money, and shot and killed the store clerk, Sean Odle, with a .22 caliber rifle. (Counts 1 and 2.)

Shortly before midnight on December 11, 2008, appellant robbed Marisela Martinez, a cashier at the Shell Gas Station in Fillmore. Wearing a bandanna, gloves and a beanie, appellant pointed a rifle at Martinez, demanded money, and fled with $300 to $400. (Count 3.)

Shortly before midnight on December 12, 2008, appellant attempted to rob Touni Ziab at the Central Liquor and Market in Santa Paula with a rifle. (Count 4.) Wearing a bandanna and dark hooded sweatshirt, appellant confronted Ziab and said "Give me all the fucking money. I ain't playing around with you." Appellant fled after Ziab called out for his brother-in-law to get a gun and call 911. (Count 4).

In 2009, appellant told a police informant, Adam Solorio, that "I killed my first man" and that he committed the Ventura, Fillmore and Santa Paula crimes.

---

[2] On count 3 for robbery, the trial court imposed a three-year term plus 10 years for use of a firearm (§ 12022.53, subd. (b)). Appellant received a consecutive eight month sentence (1/3 the two-year midterm) on count 4 for attempted robbery plus 40 months on the firearm enhancement, for an aggregate determinant sentence of 17 years state prison. On count 1 for special circumstance first degree murder, appellant was sentenced to life without possibility of parole, plus 25 years to life for use of a firearm causing death (§ 12022.53, subd. (d)). The sentence on count 2 for attempted robbery was stayed pursuant to section 654.

*Double Jeopardy*

Appellant asserts that the sentence of life without possibility of parole for special circumstance first degree murder, plus 25 years to life on the firearm use enhancement violates federal principles of double jeopardy and the California multiple conviction rule embodied in *People v. Ortega* (1998) 19 Cal.4th 686, 692-694 and *People v. Pearson* (1986) 42 Cal.3d 351, 355, 359-360). The argument is premised on the theory that the section 12022.53, subdivision (d) firearm enhancement (i.e., use and discharge of the rifle resulting in death) requires proof that appellant proximately caused the victim's death, a factual element necessarily subsumed within the elements of murder. Appellant acknowledges that the California Supreme Court rejected similar arguments in *People v. Sloan* (2007) 42 Cal.4th 110, 115-124 (*Sloan*), and *People Izaguirre* (2007) 42 Cal.4th 126, 130-134 (*Izaguirre*) but believes the cases were wrongly decided. We are bound by the rulings of our Supreme Court (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455) and reject appellant's contention.

With respect to double jeopardy, " '[t]he Double Jeopardy Clause "protects against a *second prosecution* for the same offense after acquittal. It protects against a *second prosecution* for the same offense after conviction. And it protects against multiple punishments for the same offense. [Citation.]' [Citation.]" (*Sloan, supra,* 42 Cal.4th at pp. 120-121.) The first two categories of double jeopardy protection do not apply because appellant's conviction and punishment for the murder and firearm enhancement occurred in a single unitary proceeding. (*Id.*, at p. 123.) "We are not here concerned with a retrial or 'second prosecution,' but instead with a unitary trial in which section 954 expressly permits conviction of more than one crime arising out of the same act or course of conduct." (*Izaguirre*, *supra,* 42 Cal.4th at p. 134.)

With respect "to the third category of double protection - the prohibition of 'multiple punishments for the same offense' [citation] - the [United States] Supreme Court has made clear that '[t]he [Double Jeopardy] Clause protects only against the imposition of multiple criminal punishments for the same offense [citations] . . . *and then only when*

3

*such occurs in successive proceedings,* [citation]'. [Citation.]" (*Sloan*, *supra,* 42 Cal.4th at p. 121, quoting *Hudson v. United States* (1997) 522 U.S. 93, 99 [139 L.Ed.2d 450, 459].) Federal law, like California statutory law, recognizes that cumulative punishment may be imposed under two statutes, even where they proscribe the same conduct, if the legislature has specifically authorized cumulative punishment. (*Sloan, supra,* 42 Cal.4th at p. 121, citing *Missouri v. Hunter* (1983) 459 U.S. 359, 368-369 [74 L.Ed.2d 535, 543-544].)

The California Legislature has provided that the punishment on the section 12022.53, subdivision (d) firearm use enhancement shall be an additional and consecutive term of imprisonment to murder. Because it is additional punishment, it does not violate the double jeopardy provision against double punishment. (*Izaguirre, supra,* 42 Cal.4th at pp. 128-134;. *Sloan, supra,* 42 Cal.4th at p. 123; *Plascencia v. Alameida* (9th Cir. 2006) 467 F.3d 1190, 1204.)

*Multiple Conviction Rule*

Appellant contends that the true finding on the section 12022.53, subdivision (d) firearm enhancement violates California's multiple conviction rule which prohibits multiple convictions of necessarily included offenses. The argument was rejected by our state Supreme Court in *Izaguirre, supra,* 42 Cal.4th at pages 128-129 and *Sloan*, *supra* ,42 Cal.4th at page 121, a companion case. "The holding in *Sloan* is consistent with this court's recent decision in *People v. Reed* (2006) 38 Cal.4th 1224 . . . , which held that the legal elements test, rather than the accusatory pleading test, should be used in determining whether conviction of a charged offense is barred under the [multiple conviction] rule. Since enhancements are not legal elements of the offenses to which they attach, they are not considered in defining necessarily included offenses. . ." (*Izaguirre, supra,* 42 Cal. 4th. at p. 128.)

The distinction between "offenses" and "enhancements" is based on *People v. Walcott* (1983) 34 Cal.3d 92, which holds that for purposes of determining whether an offense is included in a charged offense, an enhancement allegation is not to be

4

considered.  (*Id.*, at pp. 100-101.)  The *Walcott* rule was reaffirmed by our state supreme court in *People v. Reed*, *supra*, 38 Cal.4th 1224, 1231, and *Sloan*:  "[E]nhancements are neither recognized nor considered in determining whether the defendant can be convicted of multiple charged crimes based on necessarily included offenses . . . ."  (*Sloan, supra,* 42 Cal.4th at p. 114.)

The rule prohibiting multiple convictions requires that the statutory elements of the greater offense include all the statutory elements of the lesser offense.  (*People v. Reed*, *supra,* 38 Cal.4th at pp. 1228-1229.)  Similarly, in determining whether two offenses are the "same offense" for double jeopardy purposes, courts look to see if the offenses require proof of a fact that the other does not.  (*Blockburger v. United States* (1932) 284 U.S. 299, 304 [76 L.Ed. 306, 309] (*Blockberger*).)  Murder and the firearm use enhancement are not the "same offense" or a lesser included offense of the other under *Walcott*, *Reed, or Blockburger*.  Murder requires malice aforethought but the firearm use enhancement does not.  A section 12022.53, subdivision (d) firearm enhancement requires use of a firearm but murder does not.

*Apprendi*

Appellant argues that *Wolcott* has been superseded by *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435] (*Apprendi*) and its progeny (*Sattazahn v. Pennsylvania (*2003) 537 U.S. 101 [154 L.Ed.2d 588] and *Ring v. Arizona* (2002) 536 U.S. 584 [153 LEd.2d 556].)  A similar argument was rejected in *Izaguirre.*  There, defendant argued that his convictions for two firearm enhancements should have been stricken because they were necessarily included in his conviction for first degree murder with a drive-by shooting special circumstance.  (*Izaguirre, supra,* 42 Cal.4th at pp. 129–130, 132.)  The *Izaguirre* court concluded that *Apprendi* is inapposite to the question of whether enhancements must be considered in defining necessarily included offenses for purposes of the multiple conviction rule.  (*Izaguirre, supra,* 42 Cal.4th at p. 133.)  "To the extent the firearm-related enhancements in question stood to increase *punishment, Apprendi's* holding, grounded on the Fifth Amendment right to due process and Sixth

5

Amendment right to jury trial, requires only that they be tried to a jury and found true beyond a reasonable doubt, which they were." (*Ibid.*)

The court in *Izaguirre* rejected the argument that "conduct enhancements are the functional equivalent of completed offenses or convictions for purposes of the multiple conviction rule . . . ," noting it has no support in case law. (*Id.* at p. 134.) "Conduct enhancements cannot be imposed standing alone as additional punishment. By definition, an enhancement is 'an additional term of imprisonment added to the base term.' [Citations.] For that reason alone, an enhancement cannot be equated with an offense. [Citation.]" (*Ibid.*)

*Conclusion*

Based on the guilty verdict and true finding on the section 12022.53, subdivision (d) firearm enhancement, the trial court sentenced appellant to life without possibility of parole, plus 25 years to life on count 1. The argument that the sentence violates the multiple conviction rule and constitutional protections against double jeopardy has been rejected by the California Supreme Court (*Sloan, supra, 42 Cal.4th 114, 120*-121; *Izaguirre, supra,* 42 Cal.4th at pp. 128-129) and the United States Supreme Court (*Hudson v. United States, supra,* 522 U.S. at pp. 95-96 [139 L.Ed.2d at 459]; *Missouri v. Hunter, supra,* 459 U.S. at p. 368 [74 L.Ed.2d at pp. 543-544].) Under the doctrine of stare decisis, these cases are dispositive (*Auto Equity Sales, Inc. v. Superior Court supra,* 57 Cal.2d at p. 455.)[3]

The abstract of judgment fails to reflect that appellant was sentenced to 25 years to life on the Count 1 firearm enhancement. The clerk of the superior court is ordered to prepare and forward to the Department of Corrections and Rehabilitation an amended

---

[3] Appellant contends *Apprendi*, supra, 530 U.S. 466 [147 L.Ed.2d 435] and *Sattazahn v. Pennsylvania, supra,* 537 U.S. 101 [154 L.Ed.2d 588] compel a reassessment of *Hudson v. United States, supra,* 522 U.S. 93 [139 L.Ed.2d 450] and *Missouri v. Hunter, supra,* 459 U.S. 359 [74 L.Ed.2d 535]. We are bound by the pronouncements of the United States Supreme Court (*Auto Equity Sales, Inc. v. Superior Court*, supra, 57 Cal.2d at p. 455), and reject appellant's contention.

6

abstract of judgment reflecting that appellant was sentenced on count 1 to life without possibility of parole, plus 25 years to life on the section 12022.53, subdivision (d) firearm enhancement. The judgment in all other respects is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P.J.


PERREN, J.


7

Charles W. Campbell, Judge

Superior Court County of Ventura

_____

Diane E. Berley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Tannnaz Kouhpainezhad, Deputy Attorney General, for Plaintiff and Respondent.